## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **ALLAN M. JOSEPHSON** | ) | |
| | ) | **Case No. 3:19-CV-230-RGJ** |
| **Plaintiff** | ) | |
| **v.** | ) | |
| | ) | **(Electronically Filed)** |
| **NEELI BENDAPUDI,** *ET AL.* | ) | |
| | ) | |
| **Defendants** | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, Neeli Bendapudi, Gregory C. Postel, Beth A. Boehm, Toni Ganzel, Kimberly A. Boland, Charles R. Woods, Jennifer F. Le, Bryan D. Carter, and William D. Lohr (collectively "Defendants"), by counsel, hereby state as follows in support of their Motion to Dismiss the Complaint filed by Plaintiff Allan M. Josephson ("Josephson").

### INTRODUCTION

The Court should dismiss the Complaint, in part, for failure to state a claim upon which relief can be granted. The face of Josephson's Complaint makes clear that a substantial portion of the claims asserted in his Complaint are time-barred pursuant to the one-year limitations period for claims in Kentucky arising under 42 U.S.C. § 1983 ("§ 1983").

### STATEMENT OF FACTS

**I.      Allegations in Josephson's Complaint.**

Josephson, a psychiatrist, has been employed at the University of Louisville (the "University") since 2003. (DN 1, Compl. at ¶ 2.) He filed the Complaint in this case on March 28, 2019. (*Id.*) The Complaint asserts five separate § 1983 claims against nine University officials, all based on Josephson's allegation that the Defendants "retaliated" against him for exercising his First Amendment rights. (*Id.* at ¶¶ 5, 336, *et seq.*)

The purported "retaliation" consists of several different actions. A primary action that Josephson alleged was taken in violation of § 1983 is his alleged November 2017 demotion from the role of Division Chief in the University's Division of Child and Adolescent Psychiatry and Psychology "to the role of a junior faculty member." (*Id.* at ¶¶ 2, 4.) Josephson alleges the Defendants demoted him after acceding to pressure from unspecified University faculty and staff members who called for disciplinary action against Josephson because they objected to views he had expressed at a panel discussion and in expert witness testimony about the treatment of youth experiencing gender dysphoria. (*Id.* at ¶¶ 3-4.)

Josephson's Complaint alleges that the demotion "has impacted him, and will continue to do so, in numerous ways." (*Id.* at ¶ 312.) He alleges the demotion adversely impacted his professional reputation. (*Id.* at ¶ 313.) He alleges the demotion resulted in the loss of his position in the American Association of Directors of Child and Adolescent Psychiatry, the discontinuation of certain projects such as the publication of books, and the loss of the ability to travel to professional conferences. (*Id.* at ¶¶ 314-321.)  Josephson also alleges the demotion resulted in a salary reduction in February 2018. (*Id.* at ¶¶ 323-324.)

In addition to money damages, Josephson's Complaint demands a declaratory judgment that the demotion violated his constitutional rights and an injunction compelling the Defendants to restore him to his position as Division Chief and to purge the University's personnel file concerning Josephson "of any reference to the demotion in November 2017." (*Id.,* at Prayer for Relief, PageID #46.)

**ARGUMENT**

**I.      Josephson's Claims Arising From The Demotion And Any Other Actions Allegedly Taken Prior To March 28, 2018 Are Time-Barred.**

Where the allegations in a complaint show that the claim is time-barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6). *See, e.g., Cataldo v. U.S. Steel Corp*, 676 F.3d 542, 547 (6th Cir. 2012). Here, the Court should dismiss Josephson's claims arising from his alleged November 2017 demotion as well as any other alleged action that took place more than one year prior to his filing of this lawsuit. As a matter of law, such claims are time-barred.

A § 1983 action arising out of Kentucky is subject to a one-year limitations period. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard,* 896 F.2d. at 183; *see also, e.g., Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).

Here, Josephson's Complaint leaves no doubt that his alleged demotion occurred in November 2017, more than one year prior to his filing this lawsuit. Similarly, Josephson's Complaint is clear that his claimed salary reduction from the demotion took effect in February 2018, also more than one year pre-Complaint. There can be no question that any § 1983 claim arising from the alleged demotion and salary reduction accrued at the time those decisions were made and communicated to Josephson. *Id.*; *see also, e.g., Block v. Meharry Med. Coll.*, 723 F. App'x 273, 275 (6th Cir. 2018) (professor's claim of discrimination arising from alleged demotion accrued when the demotion decision was made and communicated to him). It is

3

irrelevant that Josephson may suggest he continued to suffer from the effects of his November 2017 demotion after that time. (*See* Compl. at ¶¶ 314-321.) "[L]imitations periods begin to run in response to discriminatory *acts* themselves, not in response to the continuing *effects* of past discriminatory acts." *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991) (citations omitted) (emphasis in original).

Thus, Josephson's various § 1983 claims are time-barred to the extent they arise from his November 2017 demotion or any other alleged violation of his rights that occurred prior to March 28, 2018. Accordingly, the Court should dismiss the claims.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss all claims in the Complaint arising from alleged actions that occurred more than one year prior to the filing of the Complaint because such claims are clearly time-barred under the applicable statute of limitations.

Respectfully submitted,

/s/Jeremy S. Rogers
Donna King Perry
Jeremy S. Rogers
James L. Bobbitt, III
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky  40202
Telephone:  (502) 581-8000
Facsimile:  (502) 581-8111
donna.perry@dinsmore.com
jeremy.rogers@dinsmore.com
james.bobbitt@dinsmore.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on April 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney(s) of record:

David A. Cortman
Travis C. Barham
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE,
Suite D-1100
Lawrenceville, GA  30043
Telephone: (770) 339-0774
Facsimile:  (770) 339-6744
dcortman@ADFlegal.org
tbarham@ADFlegal.org

Joshua D. Hershberger
Hershberger Law Office
201 East Main Street
Madison, IN  47250
Telephone:  (812) 274-0441
Facsimile:  (812) 273-2329
josh@hlo.legal

Tyson C. Langhofer
Jonathan M. Larcomb
Alliance Defending Freedom
440 1st Street, NW, Ste. 600
Washington, D.C.  20001
Telephone:  (202) 393-8690
Facsimile  (202) 347-3622
tlanghofer@ADFlegal.org
jlarcomb@ADFlegal.org

/s/Jeremy S. Rogers
*Counsel for Defendants*