**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **ALLAN M. JOSEPHSON** | ) | |
| | ) | **Case No. 3:19-CV-230-RGJ** |
| **Plaintiff** | ) | |
| **v.** | ) | |
| | ) | **(Electronically Filed)** |
| **NEELI BENDAPUDI, *ET AL.*** | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**RENEWED MOTION TO DISMISS**

Defendants, Neeli Bendapudi, Gregory C. Postel, Beth A. Boehm, Toni Ganzel, Kimberly A. Boland, Charles R. Woods, Jennifer F. Le, Bryan D. Carter, and William D. Lohr (collectively "Defendants"), by counsel, hereby state as follows in support of their Renewed Motion to Dismiss.

## INTRODUCTION

The Court should dismiss the Amended Complaint, in part, for failure to state a claim upon which relief can be granted. The face of the original Verified Complaint filed by Allan M. Josephson ("Josephson") made clear that a substantial portion of his claims are time-barred pursuant to the one-year limitations period for claims in Kentucky arising under 42 U.S.C. § 1983 ("§ 1983"). Josephson's claims center on two alleged actions taken by the University of Louisville ("University"): (1) his November 2017 demotion from the position of Chief of the Division of Child and Adolescent Psychiatry and Psychology at the University's Medical School; and (2) the University's February 2019 decision not to renew his faculty appointment.

The Defendants moved to dismiss the claims in the Verified Complaint arising from the November 2017 demotion and the effects of that demotion. (*See* DN 14.) In response, Josephson filed an Amended Complaint. (DN 19.) While Josephson's Amended Complaint states that he

does not seek relief related to the demotion itself, the Amended Complaint continues to assert claims based upon the alleged *effects* of the November 2017 demotion. Those claims are time-barred and should be dismissed. In addition, because Defendant Charles R. Woods ("Woods") is only alleged to have been involved in the November 2017 demotion (not the February 2019 decision concerning Josephson's faculty appointment), Woods should be dismissed as a defendant.

## STATEMENT OF FACTS

### I. The Amended Complaint Purports To Assert Claims Based Upon the Effects of the November 2017 Demotion.

Josephson initiated this lawsuit by filing the Verified Complaint on March 28, 2019. (*See* DN 1.) On April 25, 2019, the Defendants filed a motion to dismiss the Verified Complaint, in part, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*See* DN-14.)[1] The Defendants argued that Josephson's claims stemming from the November 2017 demotion are time-bared pursuant to the one-year limitations period for claims in Kentucky arising under 42 U.S.C. § 1983 ("§ 1983").

In response, Josephson filed an Amended Complaint on May 16, 2019. (*See* Am. Compl., DN 19.) Josephson expressly stated that he "is not seeking relief related to Defendants' decision to demote him from his position as Division Chief in 2017," an apparent concession that the claims arising from that action are properly time-barred. (*Id.* at ¶ 337.) However, in spite of that concession, Josephson's Amended Complaint continues to assert claims based upon the numerous alleged *effects* of the November 2017 demotion. (*See id.* at ¶¶ 257-294, 319-333.)

[1] Defendants hereby incorporate by reference their Motion to Dismiss [DN-14] in its entirety as if fully stated herein.

A comparison of the original Verified Complaint with the Amended Complaint makes this fact apparent.[2] Josephson's original Verified Complaint contained numerous allegations detailing the ill effects that the demotion caused to his professional reputation, job responsibilities, and compensation. Moreover, the Verified Complaint was explicit that these effects were caused by the November 2017 demotion.

The Verified Complaint alleged that, "*By demoting him*, Defendants adversely affected Dr. Josephson's job duties and reputation on campus, effectively rendering him a junior faculty member in a hostile work environment." (Compl., ¶ 258) (emphasis added). The Verified Complaint alleged Josephson "was stripped of all leadership activities within the Division" and "was stripped of his role as CEO of the Bingham Clinic," both of which were "*[d]ue to the demotion*." (*Id.* at ¶¶ 260-261) (emphasis added). The Verified Complaint also expressly alleged that the demotion resulted in various other undesirable changes to Josephson's job duties and compensation. (*See id.* at ¶¶ 262-272, 286.) Josephson alleged that "Defendants' *decision to demote* Dr. Josephson chilled his protected expression… ." (*Id.* at ¶ 291) (emphasis added).

Further, Josephson's Verified Complaint alleged that, "*[d]ue to his demotion*, Dr. Josephson's national leadership in his field has ceased or been substantially curtailed and diminished …" (*Id.* at ¶ 316) (emphasis added). It alleged that, "*due to his demotion*, Dr. Josephson lost his position in the American Association of Directors of Child and Adolescent Psychiatry. (*Id.* at ¶ 317) (emphasis added). It alleged that certain projects had to be discontinued "*[d]ue to the demotion*." (*Id.* at ¶ 320) (emphasis added). It also alleged that, "*[d]ue to his demotion*, Dr. Josephson has also lost the ability to travel to the professional conferences

---

[2] For the Court's convenience, a computer-generated redline comparison of the original Verified Complaint and the Amended Complaint is attached as Exhibit 1.

necessary to maintain his leadership role in his profession and complete his planned academic projects." (*Id.* at ¶ 321) (emphasis added).

Under oath, Josephson made all of these allegations about the *effects* of the demotion. Faced with the fact that this portion of his claims is time-barred, Josephson filed an Amended Complaint. Yet, the Amended Complaint changes nothing material. It makes the exact same factual allegations while removing the original Verified Complaint's language that expressly tied the allegations to the demotion. (*See* Am. Compl., ¶¶ 258, 260-272, 286, 291, 319-333.) The Amended Complaint is an apparent attempt to circumvent the statute of limitations.

## II. All Allegations Concerning Woods Pre-Date The Filing Of This Lawsuit By More Than One Year.

Both the original Verified Complaint and the Amended Complaint make clear that Woods had no involvement with the University's February 2019 decision concerning Josephson's faculty appointment. The case caption identifies Woods as the "*former* Chair of the Department of Pediatrics at the University of Louisville. (*See* Compl. and Am. Compl.) (emphasis added).[3] According to the Amended Complaint, Woods was involved in the decision to demote Josephson from the Division Chief position in November 2017. (*See* Am. Compl., ¶ 241.) The last allegation concerning Woods appears in Paragraph 272 of the Amended Complaint. (*See* Am. Compl., ¶ 272.) The allegation is that, in connection with Josephson's demotion from the Division Chief role, "Woods required Dr. Josephson to generate scholarly research on an annual basis." (*Id.* at 272.) Two paragraphs later, the Amended Complaint discusses a March 23, 2018 meeting that Josephson had with other Defendants. (*Id.* at ¶ 274.) There is no allegation that Woods took any action after that time. (*See id.*)

[3] Woods retired from the University in the summer of 2018, but this fact is not expressly acknowledged in the Complaint or Amended Complaint.

## ARGUMENT

### I. Josephson's Claims Arising From The Effects of the Demotion Are Time-Barred.

Where, as here, the allegations in a complaint show that the claim is time-barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6). *See, e.g., Cataldo v. U.S. Steel Corp*, 676 F.3d 542, 547 (6th Cir. 2012). A § 1983 action arising out of Kentucky is subject to a one-year limitations period. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Further, "limitations periods begin to run in response to discriminatory *acts* themselves, not in response to the continuing *effects* of past discriminatory acts." *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991) (citations omitted) (emphasis in original). This rule of law applies with equal force in the context of § 1983 claims. *See, e.g., Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 858 (6th Cir. 2003); *McCune v. Grand Rapids*, 842 F.2d 903, 904 (6th Cir. 1988).

Here, Josephson executed his original Verified Complaint under oath, and it makes abundantly clear that a substantial portion of his legal claims in this case is based upon the November 2017 demotion. The Verified Complaint was also explicit that the *effects* of that demotion form the basis for the majority of Josephson's claims. (*See* Compl., DN 1, at ¶¶ 258-293, 312-326.) Such claims are time-barred as a matter of law. *See Dixon*, 928 F.2d at 216. Josephson has attempted to avoid the statute of limitations by amending his pleading to make the allegations in a more vague fashion. The Court should reject that attempt. The Court should dismiss Josephson's claims to the extent they are based upon the alleged effects of the November 2017 demotion.

### II. Woods Should Be Dismissed From This Litigation.

All claims against Woods are time-barred, and he should be dismissed from this litigation. Josephson alleges that Woods demoted him from the Division Chief position

sometime in November 2017. While there are vague allegations concerning Woods' implementation of the effects of the demotion, there is no allegation that Woods took any action with respect to Josephson after March 23, 2018. (*See, e.g.,* Am. Compl., ¶¶ 272, 274.) Because this lawsuit was filed more than a year later, any claims against Woods are clearly time-barred and should be dismissed.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss all claims in the Amended Complaint arising from Josephson's alleged November 2017 demotion as well as the effects of that demotion because such claims are time-barred. Further, the Court should dismiss Woods as a defendant in this lawsuit because his last alleged action occurred more than one year prior to Josephson commencing this action.

Respectfully submitted,

/s/Jeremy S. Rogers
Donna King Perry
Jeremy S. Rogers
James L. Bobbitt, III
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
donna.perry@dinsmore.com
jeremy.rogers@dinsmore.com
james.bobbitt@dinsmore.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that on May 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney(s) of record:

David A. Cortman
Travis C. Barham
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE,
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Facsimile: (770) 339-6744
dcortman@ADFlegal.org
tbarham@ADFlegal.org

Tyson C. Langhofer
Jonathan M. Larcomb
Alliance Defending Freedom
440 1st Street, NW, Ste. 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Facsimile (202) 347-3622
tlanghofer@ADFlegal.org
jlarcomb@ADFlegal.org

Joshua D. Hershberger
Hershberger Law Office
201 East Main Street
Madison, IN 47250
Telephone: (812) 274-0441
Facsimile: (812) 273-2329
josh@hlo.legal

/s/Jeremy S. Rogers
*Counsel for Defendants*