UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALLAN M. JOSEPHSON                                                    Plaintiff

v.                                        Civil Action No. 319CV-230-RGJ

TONI GANZEL, et al.                                                  Defendants

* * * * *

**<u>AMENDED TRIAL ORDER</u>**

The parties having file a joint motion to continue the current trial date of November 7, 2022 [DE 88-89], the Court will grant this motion.   By agreement of all counsel to be below listed dates through the Court's Deputy;

**IT IS HEREBY ORDERED** the following deadlines and conditions shall be observed in this action:

(1)     **Pretrial Conference**. This matter is reassigned for a Pretrial Conference before the trial judge on **October 26, 2022 at 3:00   p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

    a)   No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

        i.   a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3).  The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B).  The

1

witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

ii.  an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3).  The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

iii.  any appropriate motions *in limine*;

iv.  the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

v.  a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law, and;

vi.  proposed agreed jury instructions and verdict forms.  Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions

and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

ii. responses to any other party's motion *in limine*; and

iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c) At the Pretrial Conference, counsel for the parties shall be prepared to:

i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

ii. disclose any demonstrative or summary exhibits intended for use at trial;

iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule.  Counsel shall

provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

    iv.  discuss the possibility of settlement; and

    v.  advise the Court of anticipated technological issues that may arise at trial.

  d)  The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(2)    <u>Trial.</u> This action is hereby set for **a  jury** trial on **November 28, 2022 at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky.  Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is 5-7 days.  The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info.  Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."   The Court will send out to counsel before the pretrial conference a proposed jury questionnaire and any objections or changes will be discussed during the pretrial conference.

(3)    <u>**Referral to United States Magistrate Judge**</u>. Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter remains **REFERRED** to the Honorable Colin H. Lindsay, United States Magistrate Judge, for purposes of conducting any settlement conferences and any discovery disputes.

(4)  **Discovery Disputes. Motions on discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his or her chambers.** Pursuant to Local Rule 37.1, prior to filing a discovery motion (i.e., motion to compel, motion for sanctions etc.), all counsel must make a good faith effort to resolve extra judicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred – or attempted to confer – with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

(5)  **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order.  This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.

(6)  The motion to continue the jury trial scheduled for November 7, 2022 [DE 90] is hereby **GRANTED.**

May 16, 2022

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:        Counsel
                  Case Manager to United States Magistrate Judge Colin H. Lindsay
                  Jury Administrator

5